**MACFADDEN PUBLICATIONS, Inc., v. FEDERAL TRADE COMMISSION et al.**

Court of Appeals of District of Columbia.

Argued December 3, 1929. Decided January 6, 1930.

No. 5024.

L. Rabbitt, H. T. Lore, and J. H. Sykes, all of Washington, D. C., for appellant.

Robert E. Healy and Baldwin B. Bane, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. An appeal from a judgment of the lower court refusing to issue a writ of mandamus to compel the Federal Trade Commission to issue certain subpœnas duces tecum in a proceeding pending before it.

The record discloses that on April 30, 1929, a written complaint was filed with the Federal Trade Commission charging that appellant was using certain unfair methods of competition in interstate commerce in violation of the provisions of section 5 of the Act

of Congress approved September 26, 1914, entitled "An act to create a Federal Trade Commission, to define its powers and duties, and for other purposes." 38 Stat. 717 (15 USCA §§ 41–51). The complaint charged that appellant was engaged in the business of publishing and distributing magazines, periodicals, and newspapers, and that it had adopted a practice of soliciting subscriptions therefor at prices which it falsely represented to be less than the regular subscription prices, whereas in fact the prices thus solicited were not less than such regular prices. Appellant, as respondent, answered, denying the charge, and the issue stood for trial.

Thereupon appellant made formal application to the Commission for the issuance of certain subpœnas duces tecum, to be used at the trial, and the same were issued. But afterwards the Commission, on the petition of some of the witnesses so subpœnaed, vacated the duces tecum clause requiring the production of the papers and documents therein specified. The respondent objected to this order, and moved that the subpœnas be reissued. But this motion was overruled by the Commission.

The respondent, as plaintiff, then filed a petition against the Commission and the various members thereof in the Supreme Court of the District of Columbia, setting out the foregoing facts, and praying that a writ of mandamus should issue, commanding the Commission to issue the writs of subpœna duces tecum, which the Commission had refused to issue as aforesaid. The case was heard by the lower court upon petition and answer, and judgment was entered against the petitioner. This appeal was then taken.

In our opinion the judgment of the lower court was correct. Section 5 of the Federal Trade Commission Act reads in part as follows (38 Stat. 720 [15 USCA § 45]):

"Any party required by such order of the Commission to cease and desist from using such method of competition may obtain a review of such order in said Circuit Court of Appeals by filing in the court a written petition praying that the order of the Commission be set aside. A copy of such petition shall be forthwith served upon the Commission, and thereupon the Commission forthwith shall certify and file in the court a transcript of the record as hereinbefore provided. Upon the filing of the transcript the court shall have the same jurisdiction to affirm, set aside, or modify the order of the Commission as in the case of an application by the Commission for the enforcement of its order, and the findings of the Commission as to the facts, if supported by testimony, shall in like manner be conclusive. * * *

"The jurisdiction of the Circuit Court of Appeals of the United States to enforce, set aside, or modify orders of the Commission shall be exclusive."

It may be noted that similar jurisdiction is vested in this court. Federal Trade Commission v. Klesner, 280 U. S. 19, 50 S. Ct. 1, 74 L. Ed. ——. It thus appears that the statute provides a plain, adequate, and exclusive method by judicial review for the correction of any error which the Commission may commit in such a proceeding. This being the case it follows that mandamus cannot be granted as an alternative or additional remedy, for it is well settled that the writ will not issue where there is any other adequate legal remedy. Nor can the writ be made to perform the office of an appeal or writ of error, or be used as a substitute for either. See 38 C. J. 558, § 31, with citations.

Therefore, without passing upon the merits of the case, we affirm the judgment of the lower court, refusing to issue a writ of mandamus upon the petition.

Judgment affirmed, with costs.